## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DARRYL JEROME KIRBY,

                Petitioner,

                                  Case No. 2:19-cv-11250

v.                               Hon. Gershwin A. Drain

                               Hon. Patricia T. Morris

SHANE JACKSON,

                Respondent.

_____/

### OPINION AND ORDER DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING (ECF NO. 9) AND DISMISSING PETITION

Petitioner Darryl Jerome Kirby, currently confined at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. Kirby challenges his convictions for second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(a), and indecent exposure, MICH. COMP. LAWS § 750.335a; and the fifteen to thirty-year sentence he received. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. The Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals:

> Defendant was convicted of sexually assaulting his 10–year–old granddaughter. At trial, the victim testified that during the late evening hours of a date in July 2015, defendant touched and fondled her breasts while her mother, aunt, and very young cousin were asleep in the adjoining living room. The victim further testified that defendant then lowered his shorts, exposed his genitals, and masturbated in front of her. The defense theory at trial was that the victim's accusations were not credible. In support of this theory, the defense presented a photograph of defendant's genitals to attack the victim's description of the color of defendant's genitals. The jury convicted defendant as charged.

*People v. Kirby*, No. 336840, 2018 WL 1767557, at *1 (Mich. Ct. App. Apr. 12, 2018), *appeal denied*, 503 Mich. 888, 919 N.W.2d 75 (2018). State courts' factual findings are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

The court of appeals affirmed Petitioner's convictions and sentence but remanded for the trial court to establish a factual basis for the court costs it ordered Petitioner to pay. *Id.* The Michigan Supreme Court denied leave to appeal. *People v. Kirby*, 503 Mich. 888.

This petition was filed timely. In his petition for a writ of habeas corpus, Kirby lists the following claims:

> I. Trial Court Abused It's Discretion, Denying Defendant Request for Appointment of Expert
>
> II. Ineffective Assistance of Counsel. Counsel Failed to Aggressively Cross-Examine the Accuser.

III. Ineffective Assistance of Counsel. Counsel failed to retain expert witness for testimony

IV. Double Jeopardy

Respondent's Answer addresses those four claims. ECF No. 10. Respondent argues that at least two of Petitioner's claims are unexhausted, because they were not raised in the Michigan Court of Appeals before Petitioner brought them to the Michigan Supreme Court.

In his Reply to Respondent's Answer, Petitioner appears to have raised the following additional claims:

- Ineffective assistance of counsel for a failure to seek appointment of an investigator to inspect the preliminary examination audiotape. Reply, ECF No. 12, PageID.602.

- Ineffective assistance of counsel and a denial of a fair trial for counsel's failure to contact an additional defense witness. *Id*. at PageID.604.

- Inaccurate PSIR (Presentence Investigation Report). *Id*. at PageID.618.

- Ineffective assistance of counsel for failure to object to the PSIR. *Id*. at PageID.620.

- Ineffective assistance of counsel for failing to object to the trial court's consultation with the court reporter on the question of inaccuracies in the preliminary examination transcript. *Id*. at PageID.621.

Petitioner also filed a motion for an evidentiary hearing. ECF No. 9. He argues that a hearing or the appointment of an investigator is necessary to review the preliminary examination audiotape. *Id.*

## II. Standard of Review

This habeas petition is reviewed under the standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Under AEDPA,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law"; or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that precedent]." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000).

An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, to obtain habeas relief in federal court, state prisoners must show that the state court's rejection of their claims "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

## III. Discussion

### A. Inaccurate preliminary examination transcript

Petitioner's first claim is that the trial court abused its discretion in refusing to appoint an expert or investigator to review the audiotape of the preliminary examination hearing. The state court of appeals held that Petitioner had not

5

demonstrated the need for an expert, nor had he established how he would have benefited from one. The court of appeals' denial of relief on this claim was not unreasonable.

The only support for the allegation of an inaccurate transcript was Petitioner's own reported recollection that the victim answered "no" when asked whether her grandfather touched her. Jury Trial Tr., 11/21/16, ECF No. 11-8, PageID.186-87. Neither defense counsel nor the prosecutor corroborated Petitioner's recollection; neither heard the victim recant her accusation. *Id*. at PageID.185-86. The court observed that had the victim denied being touched, Petitioner's case would not have been bound over from the district court. *Id*. at PageID.187. However, the court called a recess to permit the court reporter who transcribed the preliminary examination to listen to the audiotape and compare it to the transcript. *Id*. at PageID.188. The trial court stated that the reporter told the court the transcript was accurate. *Id*.

Based on that record, the state court determined that "[d]efendant failed to make the necessary showing that an expert investigation of the accuracy of the transcript was necessary or would have benefited the defense[,]" because he offered no "independent corroboration" of his claim of inaccuracy and that claim was directly refuted by others present at the preliminary examination. *Kirby*, 2018 WL 1767557, at *2. A state court's factual findings are presumed correct on

6

habeas review. *Wagner*, 581 F.3d at 413. A court reporter's transcript enjoys the same presumption. *See Abatino v. United States*, 750 F.2d 1442, 1445 (9th Cir. 1985).

A federal habeas court's review of a state court's adjudication on the merits is "limited to the record that was before the state court." *Bray v. Andrews*, 640 F.3d 731, 737 (6th Cir. 2011) (citing *Cullen v. Pinholster*, 501 U.S. 170, 181 (2011) (internal quotation marks omitted). The record here goes beyond those presumptions and provides affirmative evidence of the transcript's accuracy. Petitioner has provided no basis to find the preliminary examination transcript was inaccurate nor that his due process rights were violated by the trial court's denial of an expert to investigate his allegations.

## B. Ineffective assistance of counsel in cross-examination of the victim

Petitioner's next allegation is that his trial attorney was constitutionally ineffective in failing to aggressively cross-examine the ten-year-old victim over her prior inconsistent statements. He lists several discrepancies including whether other family members were asleep when she went to make oatmeal, whether she could see (or be seen by) those family members from her position in the kitchen while Petitioner was touching her, and her description of Petitioner's clothing as pants or shorts. Pet., ECF No. 1, PageID.20-23. Respondent argues this claim is

unexhausted. Federal habeas courts may deny unexhausted claims if they are "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Claims for habeas relief based on ineffective assistance of counsel are evaluated under a "doubly deferential" standard. *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S. 12, 15, 134 S. Ct. 10 (2013)). The first layer is the familiar deficient performance plus prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). That is, a habeas petitioner must first show "that counsel's representation fell below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citations omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Lafler*, 494 F. App'x 526, 532 (6th Cir. 2012) (per curiam) (quoting *Strickland*, 466 U.S. at 694)). *Strickland* requires a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[,]" *Abby*, 742 F.3d at 226 (citing *Strickland*, 466 U.S. at 689), and that "under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Bell*, 535 U.S. at 698 (citing *Strickland*, 466 U.S. at 689).

AEDPA provides the second layer of deference, under which the Court may "examine only whether the state court was reasonable in its determination that

counsel's performance was adequate." *Abby*, 742 F.3d at 226 (citing *Burt*, 134 S. Ct. at 18). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable," which "is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*, 562 U.S. at 101. Demonstrating prejudice also requires a petitioner show "a reasonable probability" of a different outcome. *Lafler*, 566 U.S. at 163. Even in the habeas context, this is a lower standard than establishing counsel's performance "more likely than not altered the outcome," but still requires a "substantial" likelihood, not just a "conceivable" one. *Harrington*, 562 U.S. at 112 (citing *Strickland*, at 693; *see also Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004) ("speculation is insufficient to make out a successful claim of prejudice")).

The Michigan Court of Appeals found that trial counsel's cross-examination of the victim was not ineffective assistance, first, because most of the examples Petitioner cites were not inconsistent statements by the witness. *Kirby,* 2018 WL 1767557, at *2 & n.1, *3. Regardless, the court stated it would not "second-guess counsel on matters of trial strategy," concluding that counsel may have chosen "not to vigorously cross-examine a child sexual abuse victim . . . to avoid the appearance of bullying the witness. . ." *Id.* (citation and quotation marks omitted). It opined that trial counsel may have chosen not to emphasize "minor discrepancies," and instead focused the defense on the differences between the

9

victim's description of Petitioner's penis and an actual photograph of it to attack her credibility. *Id*.

Applying the "doubly deferential" standard of AEDPA and *Strickland*, the state court was not unreasonable to hold that trial counsel's performance did not fall below an objective standard of reasonableness. Further, Petitioner cannot demonstrate prejudice. Petitioner has not shown a "substantial" likelihood of a different outcome, *Harrington*, 562 U.S. at 112, had counsel more aggressively cross-examined the victim.

## C. Ineffective assistance of counsel for failing to retain expert witness

Petitioner's third claim is that trial counsel was ineffective for failing to retain and present expert testimony or photographic evidence of the layout of the home in which the offense took place, because the evidence would have proved the victim lied. Respondent is correct that this claim is unexhausted, as it was not raised before either the state appeals court or the supreme court. Regardless, against the highly deferential *Strickland*/AEDPA standard from the previous section, the claim fails on the merits.

Courts will not find a counsel's performance to be objectively unreasonable when he or she makes "strategically defensible choice[s]." *Robins v. Fortner*, 698 F.3d 317, 330–31 (6th Cir. 2012) (citing *Jackson v. Bradshaw*, 681 F.3d 753, 761–62 (6th Cir. 2012)). Trial counsel presented the layout of the victim's house and

lines of sight between the living room and the kitchen through the testimony of both the victim and her mother. Trial Tr., 11/28/16, ECF No. 11-11, PageID.376-78, 396-98. He may reasonably have determined that the ability of witnesses to see into the kitchen was irrelevant because they were asleep, and that further testimony on the issue would not assist the defense.

Petitioner also cannot demonstrate prejudice on this issue. Materiality is a component in the test for prejudice, *Strickland*, 466 U.S. at 694, and the issue of the house's design was not material to the offenses with which Petitioner was charged. Furthermore, even if the ten-year-old victim's description of the rooms was proven inaccurate by the expert, a jury might well have found the victim mistaken on that question, but not lying about the entire incident. Had counsel called an expert on this question, a different outcome is not substantially likely.

## D. Use of prior record in sentencing violates Double Jeopardy

The fourth claim in the petition is that the use at sentencing of Petitioner's previous convictions and a prison misconduct ticket from a prior term of incarceration violated his right to be free from being punished twice by the same crime. Petitioner was sentenced as a fourth habitual offender, Sent. Hr'g Tr., 12/15/16, ECF No. 11-13, PageID.462, and the sentencing court also took into account an incident in which Petitioner masturbated in front of a prison guard. *Id*. at PageID.468.

"The Double Jeopardy Clause of the Fifth Amendment protects against . . . multiple punishments for the same offense." *United States v. Lawrence*, 735 F.3d 385, 426–27 (6th Cir. 2013) (citing *Schiro v. Farley*, 510 U.S. 222, 229 (1994)). But the "use of prior convictions to enhance a sentence for a subsequent offense does not constitute double jeopardy." *Id.* at 427 (citing *Schiro*, 510 U.S. at 230) (other citations omitted). "'Prior convictions of a defendant routinely are used to determine the quantity of sentence. . . . An enhanced sentence because of a prior conviction is no more double jeopardy than is a consideration of other relevant conduct . . . .'" *United States v. Gonzalez*, 257 F. App'x 932, 946 (6th Cir. 2007) (quoting *United States v. Mack*, 938 F.2d 678, 680-81 (6th Cir. 1991)).

The state court of appeals noted, "[i]t has long been held that imposing an enhanced sentence due to a consideration of a prior conviction does not constitute a second punishment for that offense." *Kirby*, 2018 WL 1767557, at *3 (citing *Monge v. California*, 524 U.S. 721, 728 (1998); *Mack*, 938 F.2d at 679). The state court's finding that Petitioner's Double Jeopardy rights were not violated was not unreasonable.

## E. Claims raised for the first time in Petitioner's Reply brief

The four claims addressed above were listed in Kirby's original petition for a writ of habeas corpus. ECF No. 1. Respondent's answer listed those four grounds and requested the opportunity to file further pleadings if the Court identified

additional grounds raised by Petitioner. Petitioner's Reply brief appears to list five additional grounds raised in one or both state appellate courts (but not necessarily exhausted), to which Respondent has not had the opportunity to answer. Because the issues lack merit, the Court may address them now.

First, the Sixth Circuit does not permit a litigant to raise issues for the first time in a reply brief. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (citing *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)). Nor did Petitioner seek leave to amend his habeas petition to add these claims.

More importantly, Petitioner's additional claims for relief are unexhausted and lack merit. Again, the Court may deny a "plainly meritless" unexhausted claim. *Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014) (citing *Rhines*, 544 U.S. at 277); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). These claims may thus be disposed of without requiring the parties to file additional pleadings.

1. **Ineffective assistance of counsel for a failure to seek appointment of an investigator to inspect the preliminary examination audiotape.**

In addition to the general *Strickland*/AEDPA standard discussed above, attorneys will not be found ineffective for choosing not to take futile actions nor

"to raise . . . meritless arguments." *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999). In view of defense counsel's own statement to the court (as well as the prosecutor's) that he did not hear the victim recant her confession, Petitioner's argument that such a statement was omitted from the transcript lacked corroboration. Despite this deficiency, the trial court requested the court reporter review the audiotape for accuracy, which the court reporter confirmed.

Against those circumstances, as well as under the transcript's presumption of accuracy, *Abatino*, 750 F.2d at 1445, it was reasonable for counsel to decide not to pursue an expert's testimony. It is unlikely the court would have granted a request for review of the audiotape, rendering counsel's action futile. Counsel was not ineffective.

### 2. Ineffective assistance of counsel and a denial of a fair trial for counsel's failure to contact an additional defense witness.

Petitioner argues that counsel failed to introduce the testimony of his daughter Iesha, the victim's aunt, who was present in the home the evening of the incident. However, both the victim and her mother testified the two adult women were asleep during the incident. Most importantly, Petitioner has provided no affidavit or other proffer to demonstrate that Iesha would have testified favorably to his defense. He has not met his burden of demonstrating entitlement to relief on this claim.

### 3. Inaccurate PSIR (Presentence Investigation Report) *and* ineffective assistance of counsel complaints related to the PSIR.

Criminal defendants enjoy no federal constitutional right to a pre-sentence investigation and report. *See Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006); *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). Any failure to follow state law or court rules regarding the PSIR is non-cognizable in federal habeas review, because it involves an issue of state law. *See*, *e.g.*, *Koras v. Robinson*, 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds*, 123 F. App'x 207 (6th Cir. 2005).

Petitioner confirmed to the sentencing court that all factual information in the pre-sentence investigation report was correct. Sent. Hr'g Tr., 12/15/16, ECF No. 11-13, PageID.463. He has not identified any inaccurate information in the PSIR that was the basis for his sentence. He has not established entitlement to habeas relief.

### 4. Ineffective assistance of counsel for failing to object to the trial court's consultation with the court reporter on the question of inaccuracies in the preliminary examination transcript.

As discussed above, ineffective assistance will not be found for a failure to take a futile action. *Mapes*, 171 F.3d at 427. Petitioner provides no basis on which trial counsel could have objected to the court's consultation with the court reporter, the individual most appropriate to investigate any errors in the transcript. Counsel was not ineffective for failing to object.

## F. Petitioner's motion for an evidentiary hearing

Petitioner seeks an evidentiary hearing "to review the accuracy of the preliminary examination transcript audio tape to compare the accuracy of the recording with the certified transcript o[f] the proceeding for omi[ss]ions." Mot., ECF No. 9, PageID.73. The Court has already determined that Petitioner is not entitled to relief on his claims regarding the purported inaccuracy of the transcript, so the motion is moot.

Furthermore, a federal habeas court's review of a state court's adjudication on the merits is "limited to the record that was before the state court." *Bray v. Andrews*, 640 F.3d 731, 737 (6th Cir. 2011) (citing *Cullen v. Pinholster*, 501 U.S. 170, 181 (2011) (internal quotation marks omitted). Put another way, *Cullen* "prohibits [federal habeas courts] from considering new evidence . . . ." *Hodges v. Colson*, 727 F.3d 517, 541 (6th Cir. 2013) (citing *Cullen*, 132 S. Ct at 1398).

The only circumstance under which a hearing is available is when "28 U.S.C. § 2254(d)(1) does not bar federal habeas relief," *id*. at 541 (citing *Cullen*, 132 S. Ct. at 1400–01); that is, when the state court did not adjudicate the question on the merits. Here, the state court addressed this claim on the merits, and the record on this issue is well established. Petitioner is not entitled to an evidentiary hearing.

## IV.   Conclusion

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This denial requires a demonstration that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULES GOVERNING SECTION 2254 CASES, R. 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated herein, the Court will deny Petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of his claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002).

The Court will also deny Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Allen*, 156 F. Supp. 2d at 798.

17

**V. Order**

Based on the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that Petitioner's motion for an evidentiary hearing [#9] is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

SO ORDERED.

Dated:  October 23, 2020                    /s/Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 23, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk